UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD GLASS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CDCR, et al.,<br><br>　　　　Defendants. | No. 2:20-cv-1123 CKD P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil action. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and plaintiff has consented to have all matters in this action before a United States Magistrate Judge. See 28 U.S.C. § 636(c).

Plaintiff requests leave to proceed in forma pauperis. As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by

/////

1

1  the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account
2  exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).
3      The court is required to screen complaints brought by prisoners seeking relief against a
4  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
5  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
6  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
7  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
8      Having conducted the required screening, the court finds that plaintiff may proceed on the
9  following claims:
10      1. Claims arising under the Eighth Amendment against defendants Dania and Musgrave
11  for causing plaintiff not to receive any food for a period of 4 days.
12      2. Claims arising under the First Amendment based upon retaliation for protected conduct
13  against defendants Dania, Musgrave and Temple.
14      At this point, plaintiff has two options:  1) proceed on the claims identified above; or 2)
15  attempt to cure the deficiencies in plaintiff's complaint in an amended complaint.  In considering
16  whether to amend, the court advises plaintiff as follows:
17      1.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link
18  or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423
19  U.S. 362 (1976).  Furthermore, vague and conclusory allegations of official participation in civil
20  rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).
21      2.  The Eleventh Amendment serves as a jurisdictional bar to suits brought by private
22  parties for damages against a state or state agency unless the state or the agency consents to such
23  suit.  See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978) (per
24  curiam).  The State of California has not consented to suit under 42 U.S.C § 1983 or the Religious
25  Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc et seq.
26      3.  Prisoners do not have "a separate constitutional entitlement to a specific prison
27  grievance procedure."  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v.
28  Adams, 855 F.2d 639, 640 (9th Cir. 1988)).  Accordingly, the prison grievance procedure does

not confer any substantive constitutional rights upon inmates and actions in reviewing and denying inmate appeals generally do not serve as a basis for liability under section 1983. Id.

4. The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available" as it is in California. Hudson v. Palmer, 468 U.S. 517, 533 (1984).

5. In order to state a cognizable claim for violation of due process in a prison setting, plaintiff must allege facts which suggest that he was deprived of a protected liberty interest. Such liberty interests are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, [citations omitted], nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Connor, 515 U.S. 472, 484 (1995).

6. An individual sued in his or her individual capacity cannot be held liable for damages under RLUIPA. See Wood v. Yordy, 753 F.3d 899, 904 (9th Cir. 2014).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff is granted 21 days within which to complete and return the attached form notifying the court whether he wants to proceed on the claims described in this order or whether he wishes to file an amended complaint in an attempt to cure the deficiencies in his original complaint. If plaintiff does not return the form, this action will proceed on the claims described above.

Dated: December 17, 2020

*/s/ Carolyn K. Delaney*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
glas1123.op

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD GLASS,<br><br>            Plaintiff,<br><br>  v.<br><br>CDCR, et al.,<br><br>            Defendants. | No.  2:20-cv-1123 CKD P<br><br>PLAINTIFF'S NOTICE OF<br>HOW TO PROCEED |

Check **one**:

\_\_\_\_\_ Plaintiff wants to proceed immediately on the following claims:

    1. Claims arising under the Eighth Amendment against defendants Dania and Musgrave for causing plaintiff not to receive any food for a period of 4 days.

    2. Claims arising under the First Amendment based upon retaliation for protected conduct against defendants Dania, Musgrave and Temple.

\_\_\_\_\_ Plaintiff wants time to file an amended complaint.

DATED:

                                                       _____

                                                           Plaintiff