UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD GLASS, | No. 2:20-cv-1123 KJM CKD P |
| Plaintiff, | |
| v. | ORDER |
| CDCR, et al., | |
| Defendants. | |

On March 28, 2023, the court issued a scheduling and discovery order. The court indicated that discovery would close July 28, 2023, and any request for discovery had to be filed no later than 60 days prior to close. ECF No. 40 at 6.

On January 24, 2024, plaintiff filed a motion asking that discovery be re-opened. Because plaintiff did not adequately explain why he did not seek an extension of time to conduct discovery before the deadline passed, his request was denied.

On January 29, 2024, plaintiff filed a second motion to reopen discovery. In this attempt, plaintiff suggests, among other things, that a prison transfer and the lack of access to plaintiff's copy of the court's scheduling order excuse his failure to seek an extension of the discovery deadline before it expired.

Plaintiff admits he received and reviewed his copy of the scheduling and discovery order before he lost access to it. Per the order, discovery lasted 4 months. While the loss of access to

1

the scheduling and discovery after having received it might excuse a relatively short delay in seeking an extension of the discovery cutoff, it does not excuse a delay of 6 months.  Based on the record before the court, plaintiff's delay in filing his motion to reopen was the result of, at best, his failure to adequately review the order when he did have access to it as opposed to a lack of adequate access to the order at a later date.

Under Rule 6(b) of the Federal Rules of Civil Procedure, a motion to extend time after time has expired can only be granted on a showing of excusable neglect.  Plaintiff has not made that showing.

Accordingly, IT IS HEREBY ORDERED that plaintiff's second motion to reopen discovery (ECF No. 49) is denied.

Dated:  February 15, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
glas1123.nrd(2)

2

**Rand Notice to Plaintiff**

This notice is provided to ensure that you, a pro se prisoner plaintiff, "have fair, timely and adequate notice of what is required" to oppose a motion for summary judgment. See Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998). The court requires that you be provided with this notice regarding the requirements for opposing a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

When a defendant moves for summary judgment, the defendant is requesting that the court grant judgment in defendant's favor without a trial. If there is no real dispute about any fact that would affect the result of your case, the defendant who asked for summary judgment is entitled to judgment as a matter of law, which will end your case against that defendant. A motion for summary judgment will set forth the facts that the defendant asserts are not reasonably subject to dispute and that entitle the defendant to judgment.

To oppose a motion for summary judgment, you must show proof of your claims.[1] To do this, you may refer to specific statements made in your complaint if you signed your complaint under penalty of perjury and if your complaint shows that you have personal knowledge of the matters stated. You may also submit declarations setting forth the facts that you believe prove your claims, as long as the person who signs the declaration has personal knowledge of the facts stated. You may also submit all or part of deposition transcripts, answers to interrogatories, admissions, and other authenticated documents. For each of the facts listed in the defendant's Statement of Undisputed Facts, you must admit the facts that are undisputed, and deny the facts that are disputed. If you deny a fact, you must cite to the proof that you rely on to support your denial. See L.R. 260(b). If you fail to contradict the defendant's evidence with your own evidence, the court may accept the defendant's evidence as the truth and grant the motion.

The court will consider a request to postpone consideration of the defendant's motion if you submit a declaration showing that for a specific reason you cannot present such facts in your opposition. If you do not respond to the motion, the court may consider your failure to act as a waiver of your opposition. See L.R. 230(l).

If the court grants the defendant's motion, whether opposed or unopposed, judgment will be entered for that defendant without a trial and the case will be closed as to that defendant.

---

[1] If the motion for summary judgment concerns the exhaustion of administrative remedies, you must submit proof of specific facts regarding the exhaustion of administrative remedies. See Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012); Albino v. Baca, 747 F.3d 1162 (9th Cir. April 3, 2014).